UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON DWAIN HOGAN,

    Petitioner,

    v.

UNKNOWN,

    Respondent.

No. 2:15-cv-1889 CKD P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, the petition does not meet the pleading requirements of Rule 2(c) and will be dismissed. However, petitioner will be granted thirty days to file an amended petition that complies with Rule 2(c) and all other applicable rules.

If petitioner chooses to file an amended petition, he is advised that a habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574. Thus to the extent petitioner's claims do not affect the duration of his confinement, they are not properly brought within this federal habeas action and are subject to dismissal.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. The petition is dismissed without prejudice pursuant to Habeas Rule 2(c);

3. Petitioner is granted thirty days from the date of this order to file an amended petition as described above; and

4. Petitioner's failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated: October 7, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hoga1889.R2(c)